United States District Court

For the Northern District of California

1

2

3

4

5              IN THE UNITED STATES DISTRICT COURT

6            FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    *In re:*                                    No. C 06-80350 MISC SI

9    DOROTHY COAN                                **ORDER GRANTING MOTION TO**
     Subpoena Enforcement Matter                 **COMPEL**

10

11   UNION BANK OF CALIFORNIA 401(K)
     PLAN,

12
                    Interpleader Plaintiff,
13       v.

14   SHELBY HANSEN and DOROTHY COAN,

15                  Interpleader Defendants.
     _____/
16

17          On January 12, 2007, the Court heard argument on interpleader defendant Dorothy Coan's

18   motion to compel compliance with five subpoenas and one subpoena duces tecum.  Having considered

19   the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby

20   GRANTS Coan's motion to compel.

21

22                              **BACKGROUND**

23          Decedent Frank Coan, the son of interpleader defendant and movant Dorothy Coan ("Coan"),

24   was a participant in the Union Bank of California 401(k) Plan ("Plan").  The value of Frank Coan's Plan

25   account (the "Fund") is currently $623,813.96, and is to be distributed to his beneficiary.  Upon his

26   death, the Plan's administrative committee determined that the Fund should be paid to interpleader

27   defendant Shelby Hansen, Frank Coan's ex-wife, based on a beneficiary designation that Frank Coan

28   allegedly made in 1968.  After the Plan's determination, Coan made a claim to the Plan for the Fund,

**United States District Court**

For the Northern District of California

asserting that she was the proper beneficiary. The Plan denied Coan's claim and her appeal. The Plan then initiated an interpleader action in the U.S. District Court for the Western District of Missouri, naming Coan and Hansen as interpleader defendants.

Subsequently, the Plan filed a motion with Judge Gary Fenner, the district judge presiding over the Missouri action, seeking to be discharged from the action. In May, 2006, Judge Fenner granted the motion, holding that "[b]ecause the Plan is a neutral stakeholder asserting no claim to the disputed funds, it is entitled to be discharged from this action." Smith Decl., Ex. C at 4. In opposing the Plan's motion, Coan argued "that the Plan is not entitled to a full discharge because it has discoverable information needed by Coan to properly litigate her claims." *Id.* at 3. The court rejected her argument, holding that "Fed. R. Civ. P. 45 provides a comprehensive process for obtaining discovery from third parties to a lawsuit. To the extent that further discovery is available to Coan, it would be available whether or not the Plan is discharged from the instant suit." *Id.* at 3-4. The court also stated in a footnote: "The Plan argues that, under the Employee Retirement Income Security Act of 1974 ('ERISA'), Coan is not entitled to further discovery. [] However, the Court need not resolve this issue in the instant Motion." *Id.* at n.2.[1]

On October 24, 2006, Coan served six notices for deposition, on the Plan and five of its employees (collectively, the "Subpoenaed Third Parties"). On October 25, 2006, Coan served subpoenas on each of the six at their place of business in San Francisco. The subpoena served on the Plan commanded both appearance at a deposition and production of documents, *see* Smith Decl., Ex. E; the other five subpoenas only commanded appearance at depositions, *see id.*, Exs. F-J. The subpoenas were issued from this Court, and the depositions were scheduled for November 6 and 7, 2006.

On October 31, 2006, the Subpoenaed Third Parties served a written objection to all six of the subpoenas, Smith Decl., Ex. K, and subsequently refused to comply with the subpoenas. The Subpoenaed Third Parties objected to the subpoenas primarily on the ground that such discovery was not permissible under ERISA, which they argue governs the underlying dispute. *See id.*

---

[1]Since that May ruling, no party to date has sought a ruling from Judge Fenner on the standard of review to be applied or on the admissibility of evidence outside the administrative record.

1    The parties subsequently met and conferred, and on December 7, 2006, Coan filed the instant

2    motion seeking to compel compliance with the subpoenas, and for sanctions.[2]

3

4                                          **LEGAL STANDARD**

5        Under Federal Rule of Civil Procedure 45(a)(1)(c), any party may serve a subpoena commanding

6    a nonparty "to attend and give testimony or to produce and permit inspection and copying of"

7    documents.  The subpoena is subject to the relevance requirements set forth in Fed. R. Civ. P. 26(b).

8    *See* The Rutter Group, Federal Civil Procedure Before Trial 11-831 (1996).  Thus, the subpoena may

9    command the production of documents which are "not privileged" and are "relevant to the subject

10   matter" or "reasonably calculated to lead to the discovery of admissible evidence."  *See* Fed. R. Civ. P.

11   26(b)(1).

12       Under Rule 45, a person commanded to produce documents may serve a written objection to the

13   subpoena.  *See* Fed. R. Civ. P. 45(c)(2)(B).  After a written objection has been made, the party serving

14   the subpoena may not have access to the requested documents absent a court order, but may at any time

15   move for an order to compel document production.  *Id.*; *see also* Fed. R. Civ. P. 37(a) (any party may

16   upon "reasonable notice" request an order compelling discovery or disclosure).

17       While a nonparty may challenge a subpoena *duces tecum* via written objection, a deposition

18   subpoena may only be challenged by moving to quash or modify the subpoena pursuant to Federal Rule

19   of Civil Procedure 45(c)(3)(A), or by moving for a protective order pursuant to Rule 26(c).  *See*  9-45

20   Moore's Federal Practice - Civil § 45.30 (2006) ("The written objection procedure is available only for

21   a subpoena commanding production or inspection . . . .").  A motion to quash or modify "must be made

22   promptly," allowing it to "be heard *and granted before* the scheduled deposition."  *See* The Rutter

23   Group, Federal Civil Procedure Before Trial 11:2288 (2006) (emphasis in original).  Under Northern

24   District Local Rule 37-2, a party moving to compel discovery must "detail the basis for the party's

25

26   _____

27       [2]The Court GRANTS the Third Parties' motion for administrative relief seeking leave to file
     surreply papers. (Docket No. 13)  The Court also GRANTS Coan's request to take judicial notice of the
28   documents filed in, and issued by, the Missouri district court in the underlying case.  Smith Decl., Exs
     A-J.

United States District Court

For the Northern District of California

1    contention that it is entitled to the requested discovery and show how the proportionality and other

2    requirements of Fed. R. Civ. P. 26(b)(2) are satisfied." *See also* Fed. R. Civ. P. 26(b)(2) (requiring that

3    when determining the appropriateness of discovery requests courts should consider whether the

4    discovery is duplicative or overly burdensome and whether the burden and expense of discovery

5    outweighs the benefit).  The court has discretion to determine whether to grant a motion to compel. *See*

6    *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987).

7

8                                               **DISCUSSION**

9         The Subpoenaed Third Parties argue that the information sought is, as a matter of law, irrelevant

10   to the proceedings in the Missouri district court, and therefore is not discoverable under Federal Rule

11   of Civil Procedure 26(b)(1).  The Court cannot agree.[3]

12        The Subpoenaed Third Parties argue that the Plan at issue here is governed by ERISA, and that

13   under ERISA, the Missouri court will review the Plan's determination only for abuse of discretion.

14   "When [an ERISA] plan gives the administrator or fiduciary discretionary authority to determine

15   eligibility for benefits, that determination is reviewed for abuse of discretion."  *Gatti v. Reliance*

16   *Standard Life Ins. Co.*, 415 F.3d 978, 981 (9th Cir. 2005).  Where the court determines "that the

17   Administrative Committee did not have such discretion under [an ERISA plan]," the court

18   "determine[s], de novo, the proper beneficiary." *Bankamerica Pension Plan v. McMath*, 206 F.3d 821,

19   827 (9th Cir. 2000).  This standard of review holds true in interpleader actions, where the plan is no

20   longer a party.  *See, e.g., id.*  According to the Subpoenaed Third Parties, the Plan at issue here gave the

21   _____

22        [3]As a preliminary matter, the Subpoenaed Third Parties' failure to appear for the noticed
     depositions is not excused merely by having served a written objection to the subpoenas.  As discussed
23   above, according to the Federal Rules of Civil Procedure, a written objection may excuse compliance
     with a subpoena *duces tecum*; it does not, however, excuse compliance with a deposition subpoena. *See*
24   Fed. R. Civ. P. 45(c)(2)(B).  Objections to a deposition subpoena must be voiced either by moving to
     quash or modify the subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3)(A), or by moving
25   for a protective order pursuant to Rule 26(c).
          Here, the Subpoenaed Third Parties did not move to quash or modify the subpoenas, nor did they
26   move for a protective order.  They merely issued a written objection to the subpoenas, then refused to
     show up for the depositions.  Their actions thus violated the Federal Rules.  The only sanctions available
27   for such a failure to comply with a subpoena are a contempt order, or attorneys' fees and costs associated
     with bringing a motion to compel compliance. *See* The Rutter Group 11:2460.  Coan does not seek a
28   contempt order; attorneys' fees are discussed below.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

administrative committee complete discretion to determine the beneficiaries of the Fund, and the Missouri district court is therefore tasked with reviewing the Plan's decision to award the Fund to Hansen only for abuse of discretion.

The Third Parties argue that, consequently, the Missouri court will only review the administrative record. In both the Eighth and Ninth Circuits, "[w]hen reviewing a denial of benefits by an administrator who has discretion under an ERISA-regulated plan, a reviewing court must focus on the evidence available to the plan administrators at the time of their decision and may not admit new evidence or consider *post hoc* rationales." *King v. Hartford Life and Accident Ins. Co.*, 414 F.3d 994, 998-99 (8th Cir. 2004) (quoting case); *see McKenzie v. Gen. Tel. Co. of Cal.*, 41 F.3d 1310, 1316 (9th Cir. 1994) (a district court conducting a review of an ERISA plan's findings for abuse of discretion, "may review only evidence which was presented to the plan trustees or administrator."). According to the Subpoenaed Third Parties, the Missouri district court is thus limited to reviewing the administrative record. Coan, according to the Subpoenaed Third Parties, has already been provided with the complete administrative record; any additional discovery is therefore unnecessary and would only produce evidence irrelevant to the Missouri district court's limited inquiry.

However, the Subpoenaed Third Parties' argument assumes determinations of fact and law which have not been made, and which this Court cannot make. First, the Subpoenaed Third Parties assume that the Missouri district court will apply ERISA law in analyzing this dispute. As far as this Court can determine, the Missouri district court has as yet reached no such conclusion. Coan contends here that ERISA may not apply, as many of the documents and events at issue in the underlying dispute arose prior to the inception of ERISA. According to Coan, pre-ERISA California law and federal common law may therefore apply to some aspects of the dispute. In the interest of judicial economy and consistency, it would be inappropriate for this Court to determine whether ERISA governs the dispute pending in Missouri.

Second, even if ERISA applies, the Subpoenaed Third Parties presume that the Missouri district court will find that the Plan at issue here gave the administrative committee complete discretion to determine the beneficiaries of the Fund, and that the Missouri district court is therefore tasked with reviewing the Plan's decision only for abuse of discretion. Again, the Missouri district court has yet to

5

make any such determination, and it would be inappropriate for this Court to do so.  Determination of the level of discretion a plan gives an administrative committee requires a fairly comprehensive review of the plan documents, and is often subject to dispute.  In *Bankamerica Pension Plan v. McMath*, 206 F.3d 821, 827-28 (9th Cir. 2000), for example, the Ninth Circuit overturned the district court's determination that the plan at issue there gave discretion to the administrative committee.  Furthermore, even if a plan at issue gives complete discretion to the administrative committee, if the administrative committee "utterly fails to follow applicable procedures," or has a demonstrated conflict of interest, then de novo review will apply.  *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 959 (9th Cir. 2006).  Coan argues that the *Abatie* rule would apply in this case.  Only the Missouri district court can resolve this issue and determine the standard of review it will apply to the underlying dispute over the Fund; it would be inappropriate for this Court to make this very important determination or speculate as to the Missouri court's ultimate holding.

Finally, even if the Missouri district court were to determine that it should only review the Plan's decision for abuse of discretion, there remains a dispute over whether the discovery at issue here might lead to evidence which the Missouri court would consider relevant.  As discussed, in such a situation, the "reviewing court must focus on the evidence available to the plan administrators at the time of their decision and may not admit new evidence or consider *post hoc* rationales." *King*, 414 F.3d at 998-99 (quoting case); *see also McKenzie*, 41 F.3d at 1316 (a district court conducting a review of an ERISA plan's findings for abuse of discretion, "may review only evidence which was presented to the plan trustees or administrator.").  The Subpoenaed Third Parties contend that they have "disclosed and delivered to both interpleader defendants the entire Administrative Record reviewed by the Plan in making its beneficiary determination." Opp. at 9:13-15 (citing Sheppard Decl. ¶ 7). The Missouri court, they argue, will be limited to reviewing the same "Administrative Record," and therefore no additional discovery is necessary.

There is a dispute, however, over whether the "Administrative Record" produced in fact contains all of the "evidence available to the plan." Coan points out, for example, that the Plan's denial of Coan's appeal relied in part on the fact that "the beneficiary designation Mr. Coan completed and submitted was properly distributed *pursuant to the terms of a predecessor to the Plan . . . .*" Macey Decl., Ex. 6 at 6

United States District Court

For the Northern District of California

(emphasis added).  According to Coan, however, the "Administrative Record" does not contain any of the Plan predecessor documents.  If such documents were in fact considered by the Plan in making its determination, such documents would be considered by the Missouri district court, even if it should only conduct a limited, abuse of discretion review.  *See King*, 414 F.3d at 998-99; *McKenzie*, 41 F.3d at 1316. The subpoena *duces tecum* at issue here seeks, among other documents, those predecessor documents. Thus, even if the Missouri court conducts only a limited review under ERISA, the discovery sought here may lead to relevant evidence that has not already been produced.

In sum, production of the "Administrative Record" does not necessarily obviate the need for additional discovery.  The Missouri district court may ultimately conduct a de novo review of the Plan's beneficiary determination, in which case the court would not be limited to evidence already produced. Furthermore, even if the Missouri court reviews the Plan's decision only for abuse of discretion, the subpoenas at issue may lead to discovery of relevant evidence that was not produced with the "Administrative Record."

In order to avoid the need for the parties to return to this distant location again at a later date, this Court will assume, only for purposes of the instant dispute, that the Missouri court will conduct a de novo review of the Plan's determination such that discovery beyond the administrative record would be appropriate, and on that basis will order that the discovery sought go forward.  The Court will, however, STAY this order until January 26, 2007, to allow the Third Parties the opportunity, should they so desire, to seek guidance from the Missouri court concerning its view of the scope of allowable discovery. (This stay is of such limited duration because of the impending February 16, 2006 discovery cutoff.)  This Court will, of course, cooperate with any such guidance.

Apart from the ERISA discovery limitation argument rejected above, the Subpoenaed Third Parties also argue that (1) the document requests in the subpoena on the Bank are overbroad and unduly burdensome; (2) the subpoenas seek information that is "potentially privileged"; and (3) that the time, date and location of the depositions were unreasonable and unduly burdensome.[4]  With respect to their

_____

[4]The Court notes that the Subpoenaed Third Parties refused to meet and confer with regard to these objections.  According to their own Opposition, "counsel for the Third Parties did not think it productive at that time to discuss ways to limit the scope of Coan's discovery requests based on the

first objection, the Subpoenaed Third Parties have not made any substantive objections to specific discovery requests. A party objecting to discovery requests must state specific facts in support of the objection. *See* Fed. R. Civ. P. 34(b). The Subpoenaed Third Parties did not identify how each discovery request is overly broad, burdensome, or oppressive; they merely provided one general objection to all six subpoenas. *See* Smith Decl., Ex. K at 3 ("The Subpoenas, including the document requests contained in the subpoena to the Plan, are overly broad and unduly burdensome."). In their Opposition, the Third Parties now provide a substantive objection to one of the specific discovery requests, Document Request number 21, as an "illustration" of the problems with all of the requests.

Though it need not do so, considering the Third Parties' failure to provide a specific objection in the first instance, and their failure to adequately meet and confer, the Court will consider their objection to Document Request number 21. Number 21 seeks "[e]ach document relating to the Union Bank Profit Sharing Retirement Plan." Smith Decl., Ex. E. The Third Parties argue that this request is overbroad, as it would include all documents "pertaining to every past or present beneficiary of that plan and, conceivably, its successor plans." Opp. at 14:26-28. The Court agrees. Document Request number 21 shall therefore be limited, as counsel for Coan suggested at the hearing, to those documents comprising the Union Bank Profit Sharing Retirement Plan.

With respect to the Third Parties' privilege objection, where discovery requests are objected to because they seek privileged information, the objecting party must submit, with its objections, a privilege log identifying the nature of the document, and may submit affidavits regarding the document's confidential nature. *See* Fed. R. Civ. P. 45(d)(2). The Third Parties failed to do so, and instead only stated, generally, that the subpoenas "potentially call for information protected by the attorney client privilege, the attorney work product doctrine, the trade secret privilege and/or the rights of privacy of

additional objections because the Third Parties intended to stand on their ERISA-based objections regardless of any resolution with Coan of their other objections." Opp. at 14:8-12. The Third Parties now request the opportunity to "meet and confer further with counsel for Coan to resolve their other objections to the Subpoenas should this Court ultimately determine on this motion that additional discovery should take place." *Id.* at 14:12-15.

The Court will not grant such an opportunity. The Third Parties should have met and conferred with respect to *all* of their objections – not just their favored objection – when they had the chance. As the Third Parties are undoubtedly aware, this dispute has already forced the Missouri court to twice extend the discovery deadline. Allowing piecemeal resolution of this dispute will only cause further delay.

persons or entities other than the litigants or decedent in this litigation." Smith Decl., Ex. K at 3. This general assertion of privilege is insufficient. This ruling does not, however, preclude the Third Parties from raising any privilege-related objections in the course of complying with the subpoenas, including during the depositions.

As to the Third Parties' final objection, the Court again notes that the Third Parties failed to provide meaningful objections to any specific subpoena. The Third Parties merely objected that the "times, dates and locations set for the noticed depositions and production of documents are unreasonable and unduly burdensome." *Id.* In their Opposition, the Third Parties now provide a single specific objection, claiming that the subpoena served on Paulette Leahy for a deposition in San Francisco violates the distance limitation of Rule 45(b) because she resides and works in San Diego. Again, though the Court need not do so, it will consider this specific objection. Pursuant to Rule 45(e), referencing Rule 45(c)(3)(A)(ii), adequate cause to not comply with a deposition subpoena exists where the subpoena "requires a person . . . to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person . . . ." The Third Parties have failed to present evidence that Ms. Leahy does not "regularly transact[] business in person" in or near San Francisco. Unless and until the Third Parties present such evidence, via declaration or otherwise, Ms. Leahy is not excused from complying with the subpoena.

Finally, both parties seek attorneys' fees and costs associated with bringing or defending this motion. Under the Federal Rules of Civil Procedure, if a motion to compel is granted, the court shall require the party whose conduct necessitated the motion to pay the moving party the reasonable expenses incurred in making the motion, including reasonable attorney's fees, unless it finds the opposition was "substantially justified" or other circumstances make such award "unjust." Fed. R. Civ. P. 37(a)(4)(A). As discussed above, *see supra* note 3, the proper procedure by which the Third Parties should have challenged the subpoenas was either a motion to quash or modify pursuant to Federal Rule of Civil Procedure 45(c)(3)(A), or a motion for a protective order pursuant to Rule 26(c). Simply submitting a written objection to the subpoenas did not excuse their appearance at the noticed depositions. Consequently, Coan was forced to bring the instant motion to compel. Bringing a motion normally requires filing two sets of papers – the motion and a reply; opposing a motion normally requires filing

only one set.  The Court therefore GRANTS Coan's request for sanctions, in an amount roughly equivalent to the additional expense of filing two sets of papers rather than one, in this case, $3,000.00. *See* Westheimer Decl. ¶ 5; Supp. Westheimer Decl. ¶ 3; Smith Decl. ¶ 16.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS interpleader defendant Dorothy Coan's motion to compel compliance with the six subpoenas and for sanctions (with the limitation of the scope of Document Request number 21 discussed above).  The Court also GRANTS Coan's request for sanctions, in the amount of $3,000.00.  The Court STAYS this order for a period of two weeks, until January 26, 2007.  (Docket No. 1)

**IT IS SO ORDERED.**

Dated:  January 12, 2007

_____
SUSAN ILLSTON
United States District Judge